USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**RADLEY BRADFORD**, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

**NYLIFE SECURITIES LLC**, a New York company,

Defendant.

Civil Action No.: 1:22-cv-01931 (AT)

---

## PROTECTIVE ORDER

1. The Parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of Radley Bradford ("Plaintiff") and Defendants NYLIFE Securities LLC ("Defendant") (each a "Party" and together the "Parties"), other parties if any are added to this case at a later date, and non-parties, which may be protected under constitutional, statutory, or common law rights to privacy, be subject to contractual restrictions, or constitute or contain trade secrets or other confidential research, development, commercial, or proprietary Information. Without waiver of objections to the discoverability of any documents, the Parties intend to provide a mechanism for the discovery of relevant Information, otherwise not objectionable, in a manner that protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential Information.

2. NOW, WHEREFORE, good cause having been shown pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties in the above-captioned litigation hereby STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1

3. This Protective Order governs the handling of Information, including, but not limited to, documents, deposition testimony and exhibits, responses to written discovery, responses to demands for inspection, and any summaries, copies, excerpts, or descriptions of such documents and Information, produced or provided by any party or other person in response to a discovery request in this action. Each party shall serve a copy of this Protective Order on all parties or persons from whom it has or will seek discovery in this action.

4. Any party or other person producing any Information in response to a discovery request or subpoena in this action (a "Producing Party") may unilaterally and in good faith designate such Information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in accordance with Paragraphs 6, 7, 8, and 9.

5. Information and documents designated by a party will be stamped "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility. Any copies that are made of any documents marked "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall also be so marked.

6. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" (hereafter, "Protected Documents" or "Protected Information") pursuant to this Order, no person subject to this Order may disclose such Protected Documents to anyone else except as this Order expressly permits.

7. Good cause exists for the designation of Information as "Confidential" if counsel reasonably determines, in good faith, that such Information contains non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Order.

8. Good cause exists for the designation of Information as "Highly Confidential - Attorneys' Eyes Only" if counsel determines, in good faith, that the risks associated with its dissemination as a result of commercial or competitive harm cannot adequately be covered by the protections afforded to information designated Confidential. For the avoidance of doubt, "Highly Confidential - Attorneys' Eyes Only" information may include highly confidential research and development, financial, technical, marketing, and strategic information.

9. No Discovery Material shall be designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" if it contains only (a) information that is already in the knowledge or possession of the Party to whom disclosure is made, unless that Party is already bound by an agreement not to disclose such information, or (b) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

10. When testimony is to be elicited during a deposition that is, or is likely to be, confidential, persons not entitled to receive such Information under the terms of this Protective Order shall be excluded from the deposition. The Parties or the deponent may designate portions of a deposition transcript (including, but not limited to, rough and real-time transcripts) and exhibits (collectively, the "Deposition Record") as containing "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information by either (i) identifying such portions on the record or (ii) serving on the Parties a written communication (including without limitation a written communication by letter or electronic mail). The Party making the designation must do so within fourteen (14) days after receipt of the final deposition transcript, receipt of a copy of the final deposition transcript, or receipt of written notification that the final deposition transcript is available (the "Review Period"). Prior to and during the Review Period, the Deposition Record shall be treated as "Confidential" Information under this Order. At the expiration of the Review

Period, any designations made on the record or by written communication shall control, subject to a Party's right to contest them as provided in Paragraph 11. In addition, the applicable confidentiality designation shall be placed on the front of the original deposition transcript and each copy of the transcript containing "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information, together with a legend stating: "Designated parts not to be used, copied, or disclosed except as authorized by Court Order." The applicable confidentiality designation also shall be placed on each page of the transcript that contains such "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information. If all or part of a videotaped deposition is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information, the file in which the video is stored shall also be labeled with the applicable confidentiality designation. Notwithstanding the foregoing, the deponent may review the transcript at any time.

11. In the event a Party challenges another Party's designation of confidentiality, the Parties will make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Information designated by either Party as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Discovery Material.

12. If at any time before the trial of this action a Producing Party determines that it should have designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without such a designation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only" according to the Producing

Party's designation. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation within five (5) business days of providing such notice. In the event that a Producing Party identifies an inadvertently undesignated document due to the use of the document at a deposition by a Party who has received the document ("Receiving Party"), the Receiving Party may use the document to complete the deposition, but the witness is prohibited from retaining any copies of the document.

13. When a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

a. Employees of the Parties to this action, the Parties' insurers, and counsel to the Parties' insurers, but only to the extent counsel determines, in good faith, that the employee's assistance is reasonably necessary to the prosecution or defense of this action;

b. Counsel (whether or not counsel of record) representing or advising the Parties in this litigation, including outside and in-house counsel and their respective legal staffs whom they employ and assign to this matter;

c. Outside vendors or service providers (such as copy-service providers and electronic discovery vendors) that counsel hire and assign to this matter;

d. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person first executes a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e. Any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that (i) such person is not presently employed by the Parties hereto for purposes other than this

action and does not seek, intend to become, or become employed by the Parties hereto during the course of his or her expert designation, and (ii) such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    f. Witnesses in this action to whom disclosure is reasonably necessary, provided that (i) counsel for the party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to the events, transactions, discussions, communications, or data about which the person has knowledge, (ii) disclosure is limited to the portion of the document of which the person has knowledge or in which the person's conduct or knowledge is identified or referenced, (iii) the witness is not permitted to retain a copy of the Protected Information, except that the witness may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; (iv) the witness has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    g. Stenographers engaged to transcript depositions the Parties conduct in this action;

    h. Any other person who is approved by subsequent agreement of the Parties or order of the Court; and

    i. This Court, including any appellate court, its support personnel, and court reporters.

14. When a Producing Party has designated Discovery Material as "Highly Confidential - Attorneys' Eyes Only," other persons subject to this Order may disclose such information only to the persons described in paragraphs 13(b) through 13(i).

15. During a deposition, Protected Documents may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

   a. the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

   b. the person is the Producing Party, or is a director, officer, employee, consultant, or agent of the Producing Party.

16. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within fifteen (15) days of receiving the request, the Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the Party receiving the request seeks a protective order or other relief from this Court within twenty-one (21) days of that notice, the Party receiving the request shall produce the information responsive to the discovery request but may affix the appropriate designation.

17. In the event that a Party seeks discovery from a non-party to this matter, the non-party may invoke the terms of this Protective Order with respect to the designation of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information provided to the Parties by so advising the Parties to this matter in writing and agreeing to abide by the terms of this Order in writing.

18. Recipients of Protected Documents under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Protected Documents for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or Information produced in this action. Nor does anything contained in this Order limit

or restrict the rights of any person to use or disclose Information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

19. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule IV.A of this Court's Individual Rules and Procedures for Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers pursuant to that Rule. All persons producing Protected Documents are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Documents submitted to the Court or presented in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.

20. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

21. If a Receiving Party is served with a lawful subpoena or other compulsory process that would compel disclosure of any Protected Document, or is otherwise required to produce any Protected Document by law or by any government agency having jurisdiction, the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three (3)

business days after receiving the subpoena or demand. Such notification must include a copy of the subpoena or demand. The Receiving Party also must immediately inform in writing the party who caused the subpoena or demand to issue that some or all of the material covered by the subpoena or demand is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party that caused the subpoena or demand to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its Protected Documents in the court, agency, or other forum from which the subpoena or demand issued. The Producing Party shall bear the burden and the expense of seeking protection in that court, agency, or other forum of its Protected Documents. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody, or control Protected Documents by the other Party to this case.

22. Each person who has access to Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23. Should any Protected Documents be disclosed inadvertently or unintentionally by the Receiving Party to any person not authorized under this Order, the Receiving Party shall use reasonable efforts to mitigate any violation of this Order by: (a) immediately informing the person of all the provisions of this Order; (b) immediately disclosing to the Producing Party the identity of both the person to whom disclosure was inadvertently made and the Protected Documents inadvertently disclosed; and (c) promptly takings steps to retrieve or to confirm the destruction of all copies of the Protected Documents.

24. In the event a Producing Party sends written notice to the Receiving Party that Protected Documents subject to a claim of privilege (e.g., attorney-client privilege or work product immunity) were inadvertently produced, the Receiving Party shall return, sequester, or destroy such Protected Documents (and take reasonable action to retrieve from third parties for return, sequester, or destruction), together with all copies thereof, within ten (10) business days. Nothing in this provision shall limit any Party's obligations under Fed. R. Civ. P. 26(b)(5)(B).

25. Within sixty (60) days of the final disposition of this action—including all appeals—all recipients of Protected Documents must either return them—including all copies thereof—to the Producing Party, or destroy such material—including all copies thereof. In either event, and if requested by the Producing Party before the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Documents. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Documents. Any such archival copies that contain or constitute Protected Documents remain subject to this Order.

26. Protected Documents produced by the Parties before this Order is signed by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been signed by the Court as of the date such Protected Documents were produced.

27. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Documents are produced or disclosed.

28. By their signatures hereto, counsel for the Parties affirm that they have been authorized by their clients to enter into this Stipulated Protective Order and agree, on behalf of themselves, their law firms, and any staff or contract support personnel employed or retained by their firms, that they will strictly adhere to the terms of this Order.

SO STIPULATED AND AGREED.

Dated: June 24, 2022

| | |
|---|---|
| /s/Stefan Louis Coleman | /s/Lewis S. Wiener |
| Stefan Louis Coleman | Lewis. S. Wiener |
| Law Offices of Stefan Coleman, P.A. | Eversheds Sutherland (US) LLP |
| 11 Broadway, Suite 615 | 700 Sixth Street, NW, Suite 700 |
| New York, NY 10001 | Washington, D.C. 20001 |
| Telephone: (877) 333-9427 | Telephone: (202) 383-0140 |
| Facsimile: (888) 498-8946 | Facsimile: (202) 637-3593 |
| Law@stefancoleman.com | lewiswiener@eversheds-sutherland.com |
| | |
| Avi R. Kaufman | Francis X. Nolan, IV |
| kaufman@kaufmanpa.com | Amy R. Albanese |
| KAUFMAN P.A. | Eversheds Sutherland (US) LLP |
| 237 South Dixie Highway, 4th Floor | 1114 Avenue of the Americas |
| Coral Gables, FL 33133 | The Grace Building, 40th Floor |
| Telephone: (305) 469-5881 | New York, New York 10036 |
| | Telephone: (212) 389-5000 |
| *Attorneys for Plaintiff* | Facsimile: (212) 389-5099 |
| | franknolan@evesheds-sutherland.com |
| | amyalbanese@eversheds-sutherland.com |
| | |
| | *Attorneys for Defendant* |

SO ORDERED.

Dated: June 29, 2022
       New York, New York

_____
Hon. Analisa Torres
United States District Judge